UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK CHARLES MENDIOLA, | No. 2:24-cv-00167-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| COVELLO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2, 4, 8.

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b).
4     A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11 U.S. 662, 679 (2009).
12    To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16 678.
17    Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
21 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24                                    Screening Order
25    Plaintiff alleges that, on June 17, 2023, defendant correctional officers Z. Warren, Z.
26 Kereszturi, M. Miranda, along with officers T. Eastmont and Baliton,[1] removed him from his cell

---

[1] Eastmont and Baliton are not listed in the caption of the complaint or the section of the form complaint listing defendants.  ECF No. 7 at 1, 2.  These individuals are named among those

2

1   and took him to administrative segregation. ECF No. 7 at 6. The officers searched the cell and
2   completed a cell search receipt indicating that no contraband was found. *Id.* It appears from the
3   allegations of the complaint that the June 17 operation was conducted as part of an investigation
4   into plaintiff for conspiracy to murder defendant Warren. On June 30, 2023, the charge of
5   conspiracy to murder Warren was dismissed. *Id.* But on July 12, 2023, plaintiff received another
6   notice that he had been placed in administrative segregation due to contraband – a substance and
7   a cell phone – being found in his cell. *Id.*

8   Plaintiff alleges that the defendant officers placed the cell phone and substance in his cell
9   "after they couldn't stick a findings of conspiracy to commit murder" on him. *Id.* at 5. They
10  placed plaintiff in administrative segregation "as a political prisoner" and took away his family
11  visitation privileges, which has caused plaintiff suffering and distress. *Id.*

12  As it stands, the complaint fails to state a cognizable claim for relief. While "prisoners do
13  not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the
14  necessary withdrawal or limitation of many privileges and rights . . . ." *Sandin v. Conner*, 515
15  U.S. 472, 485 (1995) (internal quotations and citations omitted). "Discipline by prison officials
16  in response to a wide range of misconduct falls within the expected parameters of the sentence
17  imposed by a court of law." *Id.* In a prison setting, a liberty interest is recognized and protected
18  where the conditions of confinement impose a hardship that is atypical and significant in relation
19  to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 485.

20  The Eighth Amendment protects prisoners from inhumane methods of punishment and
21  from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
22  2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and
23  only those deprivations denying the minimal civilized measure of life's necessities are
24  sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,
25  503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate
26  shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d

---

28  who searched plaintiff's cell, but it is not clear whether plaintiff intends to sue them.

726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

The complaint does not contain sufficient facts to state a due process or Eighth Amendment claim. Placement in administrative segregation and denial of visitation do not violate these constitutional guarantees. *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) and 1113-14 (denial of contact visitation does not violate due process or the Eighth Amendment); *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) ("[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits").

Nor does the complaint state a viable claim based on the issuance of a false rules violation report ("RVR"). "The issuance of a false RVR, alone, does not state a claim under § 1983." *Murschel v. Paramo*, No. 3:17-CV-1142 BTM (AGS), 2018 U.S. Dist. LEXIS 10939, at *13 (S.D. Cal. Jan. 22, 2018). Rather, to state a federal claim based on a falsified RVR, a plaintiff must allege either that (1) the false RVR was used to subject plaintiff to criminal charges in violation of due process (*Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001)) or (2) the false RVR was issued in retaliation for the plaintiff's exercise of rights protected by the First Amendment (*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)). To state a claim for retaliation in violation of the First Amendment, a prisoner must allege facts showing five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, plaintiff has not pled facts showing that he was subjected to criminal charges as a result of the contraband RVR or that any defendant issued the RVR because of plaintiff's protected conduct.

In addition, the complaint violates Federal Rule of Civil Procedure 8. A sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The complaint does not state clearly which defendant is alleged to have done what conduct (e.g., who authored the allegedly false RVR) and contains no factual allegations against defendant Covello at all.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

////

////

////

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2, 8) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's amended complaint (ECF No. 7) is DISMISSED with leave to amend within 30 days of service of this order; and

4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: July 19, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6